UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CR-0130-001-CVE ) |
| DAWAUNE ALLEN, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's motion to dismiss indictment (Dkt. # 37). On October 11, 2016, a grand jury returned a four-count indictment charging defendant and Latisha Cheyenne Perkins[1] with conspiracy to engage in sex trafficking of a child, sex trafficking of a child, attempted sex trafficking of a child, and coercion and enticement of a minor. Dkt. # 2. Defendant now asks the Court to dismiss the indictment against him, alleging (1) that the grand jury lacked evidence to find defendant committed the offenses, (2) that the grand jury was provided with false or misleading testimony, and/or (3) that other misconduct occurred involving the grand jury. Dkt. # 37, at 1-2. Plaintiff responds that the indictment is facially valid and that the grand jury testimony supports a finding of probable cause. Dkt. # 45, at 3-4.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006)

---

[1] Perkins has subsequently pled guilty to one count of conspiracy to engage in sex trafficking of a child and one count of sex trafficking of a child pursuant to a plea agreement with plaintiff. See Dkt. ## 32, 33.

(quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)). An indictment may not be challenged based on the strength or weakness of the government's case, but only on the whether the allegations, if taken as true, support an indictment. Id. A very narrow exception to the rule against probing the factual underpinnings of an indictment exists when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." Id. (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)). Additionally "[a]n indictment may be dismissed for prosecutorial misconduct which is flagrant to the point that there is some significant infringement on the grand jury's ability to exercise independent judgment." United States v. Pino, 708 F.2d 523, 530 (10th Cir. 1983).

Defendant asserts that the two minor victims who testified before the grand jury testified that defendant did not commit the offenses for which he was indicted. Dkt. # 37, at 1. Therefore, defendant argues that the grand jury must have (1) returned an indictment without sufficient evidence, (2) been provided with false or misleading testimony, and/or (3) been improperly influenced by some other misconduct. Id. at 1-2. Here, the indictment sufficiently sets forth the elements of the offenses charged and puts the defendant on fair notice of the charges against him. Defendant has made no argument that there are undisputed facts that establish that the government cannot prove its case beyond a reasonable doubt.[2] Therefore, the Court cannot examine the factual support underpinning the government's case. Additionally, although defendant has made claims of

---

[2] Even if defendant had made this argument, he would not prevail. The government has provided additional grand jury testimony supporting its case against defendant. Dkt. # 40-1. Moreover, Perkins's allocution at her change of plea hearing supports the government's case. Dkt. # 44. These witnesses' testimony provide more than enough evidence to defeat the assertion that the government is legally unable to prove its case beyond a reasonable doubt.

prosecutorial misconduct, he has not provided specific allegations of misconduct nor a scintilla of evidence to support his assertions. Thus, the indictment against defendant should not be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss indictment (Dkt. # 37) is **denied**.

**DATED** this 2nd day of December, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE