## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CR-0130-001-CVE |
| | ) |
| DAWAUNE ALLEN, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Now before the Court is defendant's motion in limine (Dkt. # 39). On October 11, 2016, a grand jury returned a four-count indictment charging defendant with conspiracy to engage in sex trafficking of a child, sex trafficking of a child, attempted sex trafficking of a child, and coercion and enticement of a minor. Dkt. # 2. Defendant now asks the Court to prohibit the government from offering evidence of the following at trial: (1) any evidence referring to drugs, the possibility that defendant possessed or sold drugs, or pictures from defendant's Facebook account that depict drugs; (2) any evidence referring to guns, the possibility that defendant possessed any guns, or pictures from defendant's Facebook account that depict any guns; (3) any evidence referring to the possibility of defendant being a gang member or associating with gang members; (4) any evidence referring to defendant possessing money or any pictures depicting defendant with money "unless such evidence or pictures can be strictly connected to the crimes charged in the indictment." Dkt. # 39, at 2. The government responds that evidence of defendant's association with drugs, guns, and unexplained income is relevant and intrinsic to the sex trafficking trade. Dkt. # 48. The government also asserts that it will not introduce evidence of defendant's association with a gang and will instruct its witnesses to do the same. Id. at 3.

Defendant asks the Court to prohibit the government from introducing any evidence broadly related to drugs, guns, or unexplained income. Dkt. # 39. But as the government points out, drugs and guns are often essential components to sex trafficking, and unexplained income may be evidence of profiting from sex trafficking. Dkt. # 48. Thus, guns, drugs, and unexplained income might be intrinsic to defendant's alleged participation in sex trafficking. Moreover, defendant bases his motion in part on his assertion that his Facebook account "has no logical connection to any of the offenses charged in the indictment." Dkt. # 39, at 2. However, defendant's Facebook account is essential to the charges against him. The indictment literally contains the contents of a message allegedly sent from defendant's Facebook account enticing a minor into prostitution. Dkt. # 2, at 7-8; Dkt. # 45-1, at 17-19.

In a motion in limine, the movant has the burden of demonstrating that the evidence he seeks to exclude is inadmissible on any relevant ground. United States v. Cline, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002). Here, defendant has not carried his burden because the Court cannot say at this time that evidence of drugs, guns, and/or unexplained income is irrelevant. This ruling is without prejudice to an objection at trial if the government seeks to introduce evidence regarding guns, drugs, or unexplained income that is irrelevant or excludable for any other reason under the Federal Rules of Evidence. Because the government will not seek to introduce evidence relating to gang affiliation, defendant's motion is moot as to that issue.

**IT IS THEREFORE ORDERED** that defendant's motion in limine (Dkt. # 39) is **moot in part and denied without prejudice in part**; it is moot as to evidence of gang association and denied without prejudice as to evidence of drugs, guns, and unexplained income.

**DATED** this 8th day of December, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE